UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| **In Re:** ) | | |
|    **WENDELL ELZA,** ) | | |
|    **Debtor,** ) | | |
| ) | | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | Civil Action No. 6: 06-117-DCR |
| ) | | |
|    Plaintiff/Appellant, ) | | |
| ) | | |
| V. ) | | **MEMORANDUM OPINION** |
| ) | | **AND ORDER** |
| WENDELL ELZA, ) | | |
| ) | | |
|    Defendant/Appellee. ) | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter comes before the Court on the United States Motion for Leave to Appeal Order Denying Summary Judgment [Record No. 2] in the underlying Bankruptcy Court case number 04-61321 *In re: Wendell Elza*. Because the United States has failed to demonstrate a controlling question of law as to which there is substantial ground for difference of opinion, leave to appeal will be denied.

    **I.**    **BACKGROUND**

This Court last addressed the ongoing Elza bankruptcy saga in its Memorandum Opinion and Order in *Elza v. United States*, Case No. 6:05-339-DCR (E.D.Ky.), which contains an in-depth discussion of the relevant facts. The result of that opinion was to set aside a grant of summary judgment for the United States under 11 U.S.C. §523(a)(6) and remand for further proceedings.

On January 6, 2006, the United States filed its Renewed Motion for Summary Judgment pursuant to §523(a)(2).  The Bankruptcy Court heard arguments on February 24, 2006, and entered an order denying summary judgment the same day.  Relying on this Court's January 5, 2006 Opinion, the Bankruptcy Court determined that, because the District Court had interpreted the verdict in the underlying False Claims Act action to not support an "intent to defraud" the United States, it "cannot agree that all of the elements under 523(a)(2)(A) are satisfied by giving the [Judgment] . . . preclusive effect in this adversary proceeding."  [Record No. 1, Exhibit A]  The United States subsequently sought leave to appeal that determination.

**II.     LEGAL ANALYSIS**

Orders of the Bankruptcy Court may be appealed to the District Court pursuant to 28 U.S.C. §158(a).  To qualify for appeal under this section, the order of the Bankruptcy Court must be a "final judgment[], order[], [or] decree[]", an "interlocutory order [or] decree issued under section 1121(d) of title 11", or the party must seek leave of court for "other interlocutory orders and decrees".  28 U.S.C. §158(a)  In the present case, the United States is appealing an order in bankruptcy denying summary judgment, which is an interlocutory order.  *In re Kutner*, 656 F.2d 1107 (5th Cir. 1981), *cert denied* 455 U.S. 945 (1982).  The United States, therefore, must seek leave of this Court to appeal that Order.

Title 28 of the United States Code, §158, does not set forth a standard under which the Court should determine whether to grant leave to appeal.  However, most courts apply the standard contained in 28 U.S.C. §1292(b) which governs appeals of interlocutory orders from District Courts to the Circuit Court of Appeals.  *See In re Brentwood Golf Club, L.L.C.*, 329 B.R.

239, 242 (E.D. Mich. 2005), *In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (6th Cir. BAP 2000). However, unlike §1292(b), which requires a District Court to certify the appeal, Federal Bankruptcy Rule 8003 does not require certification from the Bankruptcy Court. Instead, the rule requires only that the party seeking to appeal seek leave from the District Court.

Federal Bankruptcy Rule 8003(a), which is modeled after Federal Rules of Appellate Procedures 5 and 6.1, requires that a motion for leave to appeal shall contain: (1) a statement of the facts necessary to an understanding of the question to be presented by the appeal from the bankruptcy court order, (2) a statement of the issues and of the relief sought by the appellant, (3) a statement of the reasons why an appeal should be granted and (4) a copy of the order, judgment or decree complained of and any opinion or memorandum relating thereto. As a preliminary matter, the Court notes that the United States has met these requirements. However, in order for the District Court to grant leave to appeal, the United States must show "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The United States presents two questions of law which it argues requires this Court to grant it leave to appeal: (1) whether Elza is collaterally estopped from discharging the judgment against him pursuant to the False Claims Act under 11 U.S.C. §523(a)(2) and/or (2) whether an "intent to defraud" is an element of §523(a)(2) as the Bankruptcy Court suggests. When deciding whether to grant leave to appeal, the Court should not reach the merits of either of these claims. Instead, it must determine if the United States has shown "substantial ground" for a

difference and whether an immediate resolution of the appeal would "materially advance" the termination of the underlying case. 28 U.S.C. §1292(b).

As this appeal would be of the denial of summary judgment, the second requirement is easily met. The Bankruptcy Court denied summary judgment based largely on its interpretation of this Court's previous Order, finding that no "intent to defraud" had been found by either the Court or the jury in Elza's civil trial. If the United States were to prevail in this appeal, it would likely result in summary judgment in Bankruptcy Court, effectively ending the litigation. The question then, in determining whether to grant the United States leave to appeal, is whether there is substantial ground for a difference of opinion on the two questions presented above.

### A. False Claims Act

The first question presented by the United States is whether, as a matter of law, a judgment pursuant to the False Claims Act can ever be discharged under §523(a)(2). Relying on cases from the Seventh Circuit and the Western District of Texas, the United States argues that a debt which is the result of a judgment under the False Claims Act is *per se* excepted from discharge under §523(a)(2). [Record No. 2, pgs. 5-6], *citing Chernick v. U.S.,* 492 F.2d 1349 (7th Cir. 1974); *United States. v. McQuatters,* 370 F.Supp. 1286, 1288 (W.D. Tex. 1973). While conceding that these cases are not controlling, the United States argues that the Supreme Court has implicitly given its support to the position adopted in *Chernick* and *McQuatters*.

In *Grogan v. Garner*, 498 U.S. 279 (1991), the Supreme Court addressed the question of the standard of proof that must be met to prevent the discharge of obligations which were the result of "actual fraud". *Id.* at 280-81. Holding that a preponderance of the evidence standard

(rather than clear and convincing) should be applied to fraud discharge under 523(a), the Supreme Court ruled "all creditors who have secured fraud judgments, the elements of which are the same as those of the fraud discharge exception, will be exempt from discharge under collateral estoppel principles." *Grogan v. Garner*, 498 U.S. at 285. The United States contends that this is a blanket rule which prevents any judgment under the False Claims Act from being discharged. In support, the government cites Sixth Circuit precedent that "the purpose of the False Claims Act is 'to provide for restitution to the government of money taken from it by fraud'." *United States ex rel. Augustine v. Century Health Servs.*, 289 F.3d 409, 413 (6th Cir. 2002), *citing United States v. Hess*, 317 U.S. 537, 551, 87 L. Ed. 443, 63 S. Ct. 379 (1943). The United States argues these cases support a rule that "a False Claims Act judgment is *ipso facto* excepted from discharge under section 523(a)(2)." [Record No. 2, pg. 7]

However, given the Supreme Court's specific language in *Grogan*, this Court cannot support such a broad application. *Grogan* requires that for collateral estoppel to apply, the elements of the fraud judgment must be the same as those of the fraud discharge exception. 498 U.S. at 285. This language suggests that a case-by-case analysis is necessary before collateral estoppel may be imposed – an analysis which the Bankruptcy Court undertook in denying summary judgment. It may be that at some point in the future either the Sixth Circuit or the Supreme Court will adopt the rule which the United States urges. But until that time, the analysis of the Bankruptcy Court is the proper procedure, as is its judgment on the elements.

On this question then, there is no substantial ground for a difference of opinion. The law is clear that to be non-dischargeable a judgment under the FCA must have the same elements as

-5-

§523(a)(2). However, as a matter of law in this case it will require interpretation of both the civil judgment and this Court's prior Order establishing that the civil judgment did not contain as an element of the finding an "intent to defraud" under §523(a)(6). Although rejecting a blanket rule, the Court will undertake an analysis of the civil judgment as applied to §523(a)(2).

### B.     Intent to Defraud

The United States' second grounds for appeal is that, contrary to the Bankruptcy Court's order, an intent to defraud is not an element of 523(a)(2), or that at least substantial ground for a difference of opinion exists as to this element. [Record No. 2, pgs. 7-8] To support this contention, the United States argues that recent Sixth Circuit cases interpreting §523(a)(2) discuss the necessary elements which must be established to prevent discharge as "material misrepresentation" and "debtor inten[t] to deceive". *Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-281 (6th Cir. 1998). Specifically, under the *McLaren* test the Sixth Circuit requires that:

> In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-281 (6th Cir. 1998); *citing Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 961 (6th Cir. 1993).

The United States notes that the *McLaren* test adopts the language of "intent to deceive" rather than what it implicitly characterizes as the more strict standard of actual fraud. [Record No. 2, pg. 8] The United States then argues that, because 523(a)(2) requires a lower standard

of deceit, the Bankruptcy Court cannot rely on this Court's prior opinion finding no "intent to defraud" in the civil judgment to deny summary judgment. *Id.*

The weakness in this argument becomes apparent when one reads the very next paragraph following the portion cited by the United States. Having cited the four elements, the court in *Rembert* proceeds to focus on "the first two elements of the McLaren test: material misrepresentation and intent to defraud". *In re Rembert*, 141 F.3d at 281. As the defendant notes, the Sixth Circuit then uses the terms "intent to deceive" and "intent to defraud" interchangeably throughout the rest of the opinion, conflating the two for purposes of its §523(a)(2) analysis. While the Court would agree that from a purely textual approach this language would suggest the two standards contemplate different levels of behavior, it is bound by the language of the Sixth Circuit on this issue. The Sixth Circuit requires a showing of "actual or positive fraud" under §523(a)(2) and not merely "fraud implied by law". *Id.* at 281.

Having established that the Bankruptcy Court was correct in requiring a showing of "intent to defraud" for an exception to discharge, the only question remaining is whether that court's reliance on this Court's opinion finding that the civil judgment would not support "intent to defraud" for purposes of §523(a)(6) analysis was correct. Without restating the undersigned's previous analysis, it is clear that for the same reason the civil judgment did not support a finding of "willfully and maliciously" under §523(a)(6), it also does not support a finding of "actual or positive fraud" under §523(a)(2). *See Elza v. United States*, Case No. 6:05-339-DCR (E.D.Ky.), Memorandum Opinion, pgs. 5-11. The jury rejected charges of conspiracy to defraud the government. Especially when viewed in the light most favorable to Elza on summary judgment,

that judgment alone cannot stand as proof of actual fraud. This is further supported by the Sixth Circuit's admonition that "exceptions to discharge are to be strictly construed against the creditor." *Manufacturer's Hanover Trust v. Ward (In re Ward)*, 857 F.2d 1082, 1083 (6th Cir. 1988).

In summary, this Court finds no controlling question of law as to which there is substantial ground for difference of opinion.

### III.    CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)     The United States Motion for Leave to Appeal is **DENIED**. [Record No. 2];

(2)     This action is **STRICKEN** from the Court's active docket.

This 22nd day of March, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge